UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THAO TRAN and ANDREW HUNGLAM NGUYEN,

No. 09-10549

Debtor(s).
_____/

Memorandum on Objection to Exemptions
_____

The debtors' original schedules disclosed a bank account with $1,207.42 on deposit. They also stated that they had no inventory. Both of these statements were false. In fact, they had $13,070.00 in a different bank account and had $36,000.00 in furniture inventory. The Chapter 7 trustee, Jeffry Locke, discovered the true facts due to diligent investigation. After Locke discovered the true facts, the debtors filed amended schedules with correct disclosures and claimed the entire bank account and $2,723.00 in inventory exempt. Locke objects.

An exemption must be disallowed if it is asserted on property which was actively concealed. *In re Michael*, 163 F.3d 526, 529 (9th Cir. 1998); *In re Andermahr*, 30 B.R. 523, 534 (9th Cir. BAP 1983). The debtors argue that they never signed the original schedules, but the court does not base its ruling on the schedules. The evidence at the trial on the Locke's objection to their discharge clearly showed that the debtors concealed the bank account from Locke (he only discovered it due to a phone call from

1

the bank) and continued to conceal the inventory even after they knew that Locke was asking questions about their furniture business. That they did so based on the advice of their attorney is an indictment of the attorney but does not excuse the concealment. The bankruptcy estate was greatly prejudiced by the concealment, in that it allowed the debtors to dissipate estate assets. Accordingly, the objection will be sustained except as to the sum of $1,207.42. The court will deal with Locke's motion for a surcharge of exemptions separately.

Counsel for Locke shall submit an appropriate form of order.

Dated: April 5, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge