UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THAO TRAN and ANDREW HUNGLAM NGUYEN,

Debtor(s).

No. 09-10549

Memorandum on Motion to Surcharge Exemptions

In denying the debtors' discharge, the court found that the debtors had converted about $20,000.00 belonging to the bankruptcy estate and had failed to account for at least $5,500.00 of it. While the court does not believe it is appropriate to turn even dishonest debtors away without exemptions, in this case it appears that until the estate is made whole the debtors have already helped themselves to more than their legitimate exemptions.

The trustee is holding $2,075.00 in proceeds from the sale of a truck. The debtors have claimed these funds exempt. While the truck was disclosed, surcharge is not limited to non-disclosed assets. Surcharge is an exceptional remedy, but an appropriate one where the debtors, due to improper conduct, have taken from the estate property in excess of that which is properly exempted. *In re Onubah,* 375 B.R. 549, 553 (9th Cir.BAP 2007).

The court will accordingly grant the motion and surcharge the exemption, not because the cost

1

bill from the discharge action remains unpaid but because the debtors, through improper conduct, have already carved more out of the estate than legitimate exemptions permit.

Counsel for the Trustee shall submit an appropriate form of order.

Dated: January 21, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge